The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or to make substantive amendments to the Opinion and Award of the Deputy Commissioner.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. At the time of the contraction of an occupational disease, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant and plaintiff.
3. Weyerhaeuser Company was self-insured.
4. Plaintiff's average weekly wage would be sufficient to generate the maximum compensation rate in 1992.
5. Plaintiff was last injuriously exposed to the hazards of asbestosis in his employment with defendant and he does have asbestosis which is compensable under the Workers' Compensation Act.
6. Defendant agrees that plaintiff is entitled to 104 weeks of compensation and the issue raised is what, if any, additional compensation to which he is entitled.
7. Plaintiff last worked for defendant on January 31, 1992.
In addition, the parties stipulated into evidence a packet of medical records and reports from Dr. Nicholson.
* * * * * * * * * * *
FINDINGS OF FACT
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
1. As of January 31, 1992, plaintiff had been employed by defendant paper mill for approximately thirty years. For the first fifteen years of his employment, he worked as a brick mason but he also did some insulation work. He then transferred to an instrumentation position, a job which was later merged with the electrician positions. His job duties included putting in cable, installing switch gears, hooking up motors, and repairing gauges and other instruments. He would have to climb ladders up the side of forty foot tanks on occasion in the course of his work.
2. In approximately 1986 plaintiff began to notice some shortness in breath when he climbed the ladder to the tank and sometimes when climbing steps. He reported the problems to his supervisor who began to assign work requiring climbing to the other employees. When his symptoms became worse, he was allowed to work at his own pace, and during the last year he worked he was able to stay in a smaller area unless there was a problem and his supervisor needed him to help some other employees with a project. He was able to perform his duties and was not complaining of shortness of breath to his physician as of December 4, 1990.
3. On January 31, 1992 plaintiff worked, although he was feeling ill. His wife subsequently took him to Dr. Nicholson who had been treating him for hypertension which had remained poorly controlled over the course of the previous two years despite aggressive treatment. Dr. Nicholson hospitalized him on February 4 and treated him for what was diagnosed as bilateral pneumonia and congestive heart failure. These conditions were related to his hypertensive cardiovascular disease and not to his asbestosis. He was discharged from the hospital on February 13 and Dr. Nicholson continued to follow his recovery. By May 1992 Dr. Nicholson decided that he could not control plaintiff's blood pressure or keep him out of congestive heart failure if he returned to work, so he was advised to file for disability.
4. Plaintiff's condition generally remained stable after that time but his activities were limited and he continued to complain of episodes of shortness of breath, particularly at night. His blood pressure also remained significantly elevated despite medication, however, he was prone to not taking his medicine properly since the side effects made him feel bad. Most of this symptoms during this time were due to his cardiovascular disease which would cause symptoms similar to lung disease except that the shortness of breath would also occur at night and at rest.
5. On October 6, 1993 plaintiff was evaluated by Dr. Hayes, a pulmonary specialist on the Industrial Commission's Advisory Medical Committee. He diagnosed plaintiff's condition as restrictive lung disease of moderate severity with findings consistent with asbestosis. He found no evidence of obstructive lung disease despite plaintiff's long history of cigarette smoking. Insofar as the pulmonary fibrosis was concerned, he found plaintiff to be in the Class III impairment range of twenty-five to forty percent, but he further indicated that plaintiff was on the lower end of the range and that he did not believe plaintiff was totally disabled as a result of his lung disease.
6. As of February 1, 1992 plaintiff became totally and permanently disabled. However, his disability was due to his cardiovascular disease and congestive heart failure and was not a proximate result of his asbestosis. He had been able to perform his work duties without difficulty prior to that date despite his lung disease. Although he would have had limitations due to this lung condition and could not have performed activities such as carrying heavy loads or climbing, he was able to perform his assigned work with defendant.
7. Plaintiff has not proven that he was rendered totally or partially disabled as a result of his compensable asbestosis.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $426.00 per week for 104 weeks beginning February 1, 1992 when he was removed from the industry where he was exposed to asbestos fibers. G.S. § 97-61.5.
2. In that plaintiff did not sustain partial or total disability as a result of this asbestosis, he is not entitled to further compensation. G.S. § 97-61.6.
3. Plaintiff is entitled to have defendant provide all medical compensation arising from this occupational disease. G.S. § 97-2 (19); G.S. § 97-59.
4. Plaintiff is entitled to no compensation for loss or damage to an important internal organ. G.S. § 97-31 (24); G.S. §97-61.5; G.S. § 97-61.6; G.S. § 97-66.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $426.00 per week for 104 weeks. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his occupational disease when bills for the same have been submitted through the defendant to the Industrial Commission and approved by the Commission.
3. An attorney's fee in the amount of 25% of the compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Gervasi.
4. Defendant shall pay the costs.
 S/ ________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER